IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:09CV654

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GKN DRIVELINE NORTH AMERICA, INC., <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Dwayne Butler ("Butler"), who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant GKN Driveline North America, Inc. ("Defendant") discriminated against Butler when it refused to accommodate Butler's religious beliefs, and discharged him because of his religion, Santería.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant GKN Driveline North America, Inc. has been a Delaware corporation doing business in the state of North Carolina and the City of Sanford, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant GKN Driveline North America, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dwayne Butler filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Around July 19, 2007, Defendant engaged in unlawful employment practices at its facility in Sanford, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it refused to accommodate the religious beliefs and practices of Dwayne Butler, a practicing member of the Santería religion. Specifically, Butler has been practicing the Santería religion since approximately March 2007. As a part of his religious practice, Butler holds the sincere religious belief based on the teachings of his faith, that he cannot provide saliva

to anyone other than for a religious purpose. On or about July 19, 2007, Defendant requested that Butler submit to a random drug test that involved providing saliva for testing. Although Butler informed Defendant that he could not submit to such a test because of his sincere religious beliefs as set forth herein, and although Butler offered to submit to alternative forms of drug testing as an accommodation for his religious beliefs, Defendant refused to allow Butler to submit to an alternative form of drug testing. Consequently, Defendant discharged Butler because he would not submit to the saliva test based on his religion, Santería.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Butler of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Butler.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and/or their refusal to violate their religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy

prohibiting religious discrimination and allowing for religious accommodation, all of which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make Butler whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 7 above, including but not limited to reinstatement or front pay.

D.	Order Defendant to make Butler whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to job search expenses, in amounts to be determined at trial.

E.	Order Defendant to make Butler whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F.	Order Defendant to pay Butler punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 26th day of August, 2009.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202


/s/ Zoë G. Mahood
ZOË G. MAHOOD
N.C. Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone:    919.856.4080
Facsimile:    919.856.4156
Zoe.mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

5