IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:09CV654



| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | CONSENT DECREE |
| v. | ) ) | |
| GKN DRIVELINE NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant, GKN Driveline North America, Inc. (the "Defendant") discriminated against Dwayne Butler when it refused to accommodate Butler's religious beliefs, and discharged him because of his religion, Santería. Defendant denies the allegations and does not admit to any liability.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion, including by failing to provide a reasonable accommodation, or any other protected category within the meaning of Title VII of the Civil Rights Act of 1964.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Dwayne Butler the gross sum of Thirty-Six Thousand Dollars Four Hundred Thirty-Two Dollars and Ten Cents ($36,432.10), less applicable withholding for federal and state taxes, in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Dwayne Butler. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Dwayne Butler at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to

Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Dwayne Butler.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Dwayne Butler any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2008-00241and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall revise its formal, written anti-discrimination policy, to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide accommodation for sincerely held religious beliefs; and procedures for employees to request religious accommodation. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees at its North Carolina facilities and review it with them at the time of hire.

6. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of its North Carolina facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the

Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide training to its managers, supervisors and employees in North Carolina. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against religious discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred eighty (180) days after entry of the decree by the Court and shall be attended by all managers, supervisors and employees in North Carolina. The second training program shall be conducted approximately 1 year later and shall be attended by all managers and supervisors in North Carolina. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its Precision Forming facility in Sanford,

North Carolina. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    the identities of all applicants or employees in North Carolina who have requested accommodation based on religion at Defendant's facilities, including by way of identification each person's name, address, telephone number, position, and social security number;

    B.    for each individual identified in 9.A. above, identify the specific accommodation requested, the date of the requested accommodation, and Defendant's response to the request;

    C.    for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious accommodation; and

    D.    for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of a review for compliance with the policy posting and notice posting provisions in paragraphs 6 and 8, the Commission may inspect Defendant's North Carolina facilities without notice. In reviewing compliance with any other provision of this Decree, the Commission

may interview North Carolina employees, and examine and copy North Carolina documents with forty-eight (48) hours notice by facsimile addressed to Capri Pelshaw, GKN Driveline Legal Department at (248) 377-1404.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This, the 28 day of December, 2010.

*[signature]*
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
Lynette A. Barnes
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Tel: (704) 954-6462

Tracy Hudson Spicer
Supervisor Trial Attorney
131 M. Street, NE
4th Floor, Suite 4NW02F
Washington, D.C. 20507
Tel: (202) 419-0711

/s/ Zoë G. Mahood
Zoë G. Mahood
Senior Trial Attorney
1309 Annapolis Drive
Raleigh, N.C. 27608
Tel: (919) 856-4080
Zoe.Mahood@eeoc.gov

GKN DRIVELINE NORTH AMERICA, INC., Defendant

/s/ Gregory P. McGuire
Gregory P. McGuire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 31608
Raleigh, N.C. 27622
Tel. (919) 787-9700
Greg.mcguire@odnss.com

# EXHIBIT A

## NOTICE

1.  This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and GKN Driveline North America, Inc. in a case of discrimination based on religion.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII of the Civil Rights Act of 1964 specifically prohibits religious discrimination.

3.  GKN Driveline will comply with such federal law in all respects. Furthermore, GKN Driveline will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2012.